### ERTEL, Plaintiff-Appellant, v. DeWITT, Defendant-Appellee.

Ohio Appeals, Second District, Montgomery County.

No. 1975.  Decided November 12, 1949.

Curtner & Brenton, Dayton, for plaintiff-appellant.
Scharrer, Scharrer & Hanaghan, Dayton, for defendant-appellee.

## OPINION

By WISEMAN, J.:

This is an appeal on questions of law from the Common Pleas Court of Montgomery County, Ohio, in an action in which the jury rendered a verdict for the defendant on which the court entered judgment. A motion for new trial was filed and overruled.

The plaintiff in his amended petition alleged that on October 1, 1945 he and the defendant, together with five other men, were hunting pheasants in a cornfield near Clark, South Dakota; that the defendant negligently and with reckless disregard for the safety of the plaintiff discharged his shotgun in the direction of the plaintiff; that as a result of this negligent act of the defendant the plaintiff was struck in the head, face, body and hands with pellets from the defendant's shotgun, causing serious personal injuries. The defendant in his answer admits that the plaintiff was shot in the right eye and that he sustained certain personal injuries, but that said injuries were sustained by the plaintiff through no fault nor from any negligent or reckless act of the defendant.

The plaintiff-appellant assigns as error: That the verdict of the jury and the judgment rendered thereon is contrary to law, is not sustained by sufficient evidence, and is against the manifest weight of the evidence. The appellant further contends that the trial court erred in its failure to charge the jury on the doctrine of res ipsa loquitur; in failing to give plaintiff's special charge No. 6; in the admission of testimony; in overruling the motion for new trial. The appellant further contends that there were irregularities in the proceedings which prevented him from having a fair trial.

There was a definite conflict in the testimony on the question as to whether the defendant pointed his gun in the direction of the plaintiff at the time it was discharged. At the time the pheasants were flushed several of the birds flew in a northerly direction and several in a westerly or southwesterly direction from the position of the hunters. The plaintiff contended that the defendant discharged his gun while it was being pointed in a northeasterly direction, i. e., in the direction of the plaintiff. The defendant contended that he shot at the pheasants which flew in a westerly or southwesterly direction and that at no time did he point his gun in the direction of the plaintiff. Immediately after the pheasants were flushed several of the hunters, other than the defendant, discharged their shotguns in the direction of the birds and several were killed. The evidence shows that with the exception of the defendant and one other hunter at

the south end of the line all of the hunters were in the cornfield at the time the shooting took place and at the time the plaintiff was injured. The evidence shows that the hunting took place in a field of standing corn, which had not been husked. Several of the witnesses testified that the corn was from six and a half to seven feet tall, making it difficult for the hunters to observe each other as they passed through the cornfield.

The question whether the plaintiff was injured by the negligent act of the defendant in discharging his shotgun in the direction of the plaintiff was one to be decided by the jury. The jury resolved this issue in favor of the defendant. In view of the conflict in the evidence this Court cannot say that the verdict of the jury was not sustained by sufficient evidence or was against the manifest weight of the evidence.

The issues made by the pleadings and the evidence adduced did not require the court to charge on the doctrine of res ipsa loquitur.

We find no error in the record prejudicial to the appellant relative to the admission of evidence offered by the defendant, neither does any irregularity appear which prevented the plaintiff from having a fair trial. The court properly refused to give plaintiff's special charge No. 6, as it was incomplete. The verdict of the jury and the judgment of the court was not contrary to law, and the motion for new trial was properly overruled.

Judgment affirmed.

MILLER, PJ, and HORNBECK, J, concur.